E-FILED
Wednesday, 02 March, 2022  04:24:41 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| PETER DOYLE, | ) | |
| Special Administrator of the Estate of | ) | |
| ROBIN FRANCIS, deceased, and | ) | |
| PETER DOYLE, LIZ DOYLE, | ) | |
| JENNIFER WHETTER, and | ) | |
| MARGARET SHELDON, Next of Kin to | ) | |
| ROBIN FRANCIS, deceased, | ) | No.:  22-cv-3030-SEM-TSH |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RDX, LLC, FLEET EQUIPMENT, LLC, | ) | |
| FLEET EQUIPMENT LEASING, LLC, | ) | |
| ROBERT WILLIAMS, and | ) | |
| RICHARD JAEGER, | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiffs, PETER DOYLE, as Special Administrator for the Estate of

ROBIN FRANCIS, deceased, and PETER DOYLE, LIZ DOYLE, JENNIFER WHETTER, and

MARGARET SHELDON, as next of kin to ROBIN FRANCIS, deceased, by and through their

attorneys, URBAN & TAYLOR, S.C., and complaining of Defendants, RDX, LLC, a foreign

Limited Liability Company, FLEET EQUIPMENT, LLC, a foreign Limited Liability Company,

FLEET EQUIPMENT LEASING, LLC, a foreign Limited Liability Company, FLEET

EQUIPMENT TRANSPORTATION, LLC, a foreign Limited Liability Company, ROBERT

WILLIAMS, RICHARD JAEGER, HYUNDAI MOTOR AMERICA, a foreign corporation, and

HYUNDAI TRANSLEAD, CO., a foreign corporation, states as follows:

## FACTS COMMON TO ALL COUNTS

### *Nature of the Case*

1.      This case arises from a March 2, 2020 multi-automobile-tractor-trailer collision that occurred after tandem tires detached from a trailer owned by Fleet Equipment, LLC, Fleet Equipment Leasing, LLC, and/or Fleet Equipment Transportation, LLC, while attached to a truck being driven by Robert Williams under the motor carrier authority of RDX, LLC. The tandem tires crossed the center median of I-55 into opposing traffic, resulting in a collision in which Plaintiff, Robin Francis, suffered fatal injuries. The collision occurred in North Litchfield Township, Montgomery County, Illinois.

### *Parties*

2.      At all times relevant, Plaintiff Peter Doyle was granted Letters of Special Administration to act as the Administrator of the Estate of Robin Francis, deceased.  At all times relevant hereto, Peter Doyle was the son of Robin Francis and next of kin. At all times relevant hereto, Peter Doyle was a resident in Essex County, Massachusetts.

3.      At all times relevant hereto, Plaintiff Liz Doyle was the daughter of Robin Francis and next of kin. At all times relevant hereto, Liz Doyle was a resident in Kings County, New York.

4.      At all times relevant hereto, Plaintiff Jennifer Whetter was the daughter of Robin Francis and next of kin. At all times relevant hereto, Jennifer Whetter was a resident in Milwaukee County, Wisconsin.

5.      At all times relevant hereto, Plaintiff Margaret Sheldon was the daughter of Robin Francis and next of kin. At all times relevant hereto, Margaret Sheldon was a resident in Kandiyohi County, Minnesota.

6.      On March 2, 2020 and at all times relevant, Defendant, RDX, LLC, was a Tennessee Limited Liability Company with its headquarters in Shelby County, Tennessee.

7.      On March 2, 2020 and at all times relevant, Defendant, Fleet Equipment, LLC, was

a Tennessee Limited Liability Company with its headquarters in Memphis, Shelby County, Tennessee.

8.      On March 2, 2020 and at all times relevant, Defendant, Fleet Equipment Leasing, LLC, was a Tennessee Limited Liability Company with its headquarters in Memphis, Shelby County, Tennessee.

9.      On March 2, 2020 and at all times relevant, Defendant, Fleet Equipment Transportation, LLC, was a Tennessee Limited Liability Company with its headquarters in Memphis, Shelby County, Tennessee.

10.      On March 2, 2020, and at all times relevant, Defendant, Hyundai Motor America, was a California Corporation with its headquarters in Fountain Valley, Orange County, California.

11.      On March 2, 2020, and at all times relevant, Defendant, Hyundai Translead, Co., was a California Corporation with its headquarters in San Diego, San Diego County, California.

12.      On March 2, 2020 and at all times relevant, Defendant, Robert Williams, was a resident of the state of Georgia.

13.      On March 2, 2020 and at all times relevant, Defendant, Richard Jaeger, was a resident of the state of Wisconsin.

### *Jurisdiction and Venue*

14.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because this action is between citizens of different states.

15.      The amount in controversy alleged by Plaintiff will exceed $75,000.

16.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because the occurrence giving rise to this action occurred in North Litchfield Township, Montgomery County, Illinois, within Central District of Illinois.

17.     Personal jurisdiction exists because the systematic and consistent activities of Defendants, RDX, LLC, Fleet Equipment, LLC, Fleet Equipment Leasing, LLC, Fleet Equipment Transportation, LLC, Robert Williams, Hyundai Motor America, and Hyundai Translead Co. occurred in the State of Illinois, where they transacted business from which these actions arise and/or committed tortious or other acts in the State of Illinois.

### *Factual Background*

18.     On March 2, 2020, Interstate 55 was a public roadway running in a northbound and southbound direction, which ran, in part, through North Litchfield Township in Montgomery County, Illinois.

19.     On March 2, 2020 at approximately 3:58 p.m., Defendant, Robert Williams, was driving southbound on I-55 near mile post 58 under the USDOT motor carrier authority of Defendant RDX, LLC, and was operating a 2017 Kenworth tractor bearing Vehicle Identification Number (VIN) 1XKYDP9X8HJ127198, which was hauling a trailer owned by Defendant, Fleet Equipment, LLC and/or Fleet Equipment Leasing, LLC.

20.     At the aforesaid time and place, Plaintiff, Robin Francis, was a passenger in Defendant Richard Jaeger's vehicle, who was driving a 2018 Chevrolet Equinox bearing Vehicle Identification Number (VIN) 3GNAXSEV4JS599616 on northbound I-55 near mile post 58.

21.     At the aforesaid time and place, the rear passenger side tandem tires became dislodged from the Fleet Equipment, LLC, Fleet Equipment Leasing, LLC and/or Fleet Equipment Transportation, LLC trailer, then traveled southeast across the southbound lanes, across the center median, and into the northbound lanes of I-55.

22.     At or around the time the tandem tires came to rest in the northbound lanes of I-55, a separate tractor-trailer traveling northbound pulled to the right northbound shoulder. A passenger

vehicle slowed or stopped in the left northbound lane of I-55 in front of the vehicle operated by

Defendant Richard Jaeger. Defendant Jaeger's vehicle made contact with the rear end of the

passenger vehicle in front of him, and Defendant Jaeger's vehicle was redirected to the east toward

the right shoulder of northbound I-55, where it struck the tractor-trailer that had pulled over,

resulting in severe injuries and death to Plaintiff, Robin Francis.

**COUNT I – Survival Act**
**Estate of Robin Francis v. RDX, LLC and Robert Williams**
**(Negligence - *Respondeat Superior*)**

23.     Plaintiff adopts, re-alleges, and incorporates by reference paragraphs 1-22 of the

Facts Common to All Counts, above, as though fully set forth here as paragraphs of this Count I.

24.     On March 2, 2020, Defendant, Robert Williams, was an employee and/or agent of

Defendant, RDX, LLC.

25.     On March 2, 2020, at the time of the occurrence described above, Defendant,

Robert Williams, was acting within the scope of his employment and/or agency with Defendant,

RDX, LLC.

26.     On March 2, 2020, at the time of the occurrence described above, Defendant, RDX,

LLC, was the owner of the 2017 Kenworth semi-tractor that was being operated by Defendant,

Robert Williams.

27.     On March 2, 2020, at the time of the occurrence described above, Defendant,

Robert Williams, was operating a commercial motor vehicle under the USDOT motor carrier

operating authority of RDX, LLC (USDOT #2169442).

28.     On March 2, 2020, at the time of the occurrence described above, the 2017

Kenworth tractor driven by Robert Williams bore the USDOT Number for RDX, LLC, 2169442.

29.     On March 2, 2020 and at all times relevant, Defendant, RDX, LLC, had the right

to control the manner of Robert Williams's work.

30.     On March 2, 2020 and at all times relevant, Defendant, RDX, LLC, exercised control over Robert Williams's work.

31.     On and prior to March 2, 2020, Defendant, RDX, LLC provided Williams with tools, material, and/or equipment used in the performance of his work.

32.     On March 2, 2020 and at all times relevant, Defendant, RDX, LLC had the right and/or ability to terminate Williams from his work and no longer allow him to drive for the company.

33.     On March 2, 2020 and at all times relevant, Defendant, RDX, LLC, had the right and/or ability to take disciplinary action against Robert Williams for violations of RDX, LLC's work rules, safe driving practices, traffic laws, or federal motor carrier safety regulations.

34.     At all times relevant, it was the duty of Defendant, RDX, LLC, by and through its agent and/or employee, Robert Williams, to exercise reasonable care in the possession, maintenance, inspection, repair, control, and operation of commercial motor vehicles operating under its authority, so as not to cause injury to others, including Plaintiff.

35.     Defendant, RDX, LLC, by and through its agent and/or employee, Robert Williams, breached its aforesaid duties and was careless and/or negligent in one or more of the following ways:

> a.     Failed to operate a commercial motor vehicle in a safe manner given the condition of the truck, trailer, and equipment;
>
> b.     Failed to operate a commercial motor vehicle at a safe speed given the condition of the truck, trailer, and equipment;
>
> c.     Failed to maintain a proper lookout;
>
> d.     Failed to conduct a proper inspection of the trailer to ensure it was in a safe condition such that the wheels, tires, and axels were

6

sufficiently attached so that they would not become dislodged while on a roadway;

e.  Failed to properly maintain the trailer to ensure the wheels, tires, and axels were sufficiently attached so that they would not become dislodged while on a roadway.

f.  Failed to obey the laws, ordinances, and regulations of the jurisdiction in which a commercial motor vehicle was being operated, contrary to 49 CFR §392.2;

g.  Operated a commercial motor vehicle that Defendants knew or should have known was in an unsafe condition; and

h.  Failed to maintain control of the vehicle;

36.  As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions of Defendant, RDX, LLC, by and through its agent, Robert Williams, the rear passenger tandem tires detached from the trailer being hauled by Robert Williams and crossed into the opposing lanes of I-55 causing a multi-vehicle crash.

37.  As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions of Defendant, RDX, LLC, by and through its agent, Robert Williams, the vehicle Plaintiff was a passenger in struck a stationary tractor-trailer on the right shoulder of northbound I-55.

38.  As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions, Robin Francis endured suffering and resulting death.

39.  PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, deceased, was granted letter of special administration by the Circuit Court of Fond du Lac County, Wisconsin, as evidence of its right to bring this action pursuant to the Survival Act of Illinois, 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, PETER DOYLE, as Special Administrator for the Estate of

ROBIN FRANCIS, prays for judgment against Defendants, RDX, LLC, and ROBERT WILLIAMS, in a sum in excess of the jurisdictional limits of this Court, plus the costs of this suit.

<u>COUNT II -Wrongful Death Act</u>
**Estate of Robin Francis v. RDX, LLC and Robert Williams**
**(Negligence - *Respondeat Superior*)**

40.     Plaintiff adopts, re-alleges, and incorporates by reference paragraphs 1-22 of the Facts Common to All Counts, above, as though fully set forth here as paragraphs of this Count II.

41.     On March 2, 2020, Defendant, Robert Williams, was an employee and/or agent of Defendant, RDX, LLC.

42.     On March 2, 2020, at the time of the occurrence described above, Defendant, Robert Williams, was acting within the scope of his employment and/or agency with Defendant, RDX, LLC.

43.     On March 2, 2020, at the time of the occurrence described above, Defendant, RDX, LLC, was the owner of the 2017 Kenworth semi-tractor that was being operated by Defendant, Robert Williams.

44.     On March 2, 2020, at the time of the occurrence described above, Defendant, Robert Williams, was operating a commercial motor vehicle under the USDOT motor carrier operating authority of RDX, LLC (USDOT #2169442).

45.     On March 2, 2020, at the time of the occurrence described above, the 2017 Kenworth tractor driven by Robert Williams bore the USDOT Number for RDX, LLC, 2169442.

46.     On March 2, 2020 and at all times relevant, Defendant, RDX, LLC, had the right to control the manner of Robert Williams's work.

47.     On March 2, 2020 and at all times relevant, Defendant, RDX, LLC, exercised control over Robert Williams's work.

48.     On and prior to March 2, 2020, Defendant, RDX, LLC provided Williams with tools, material, and/or equipment used in the performance of his work.

49.     On March 2, 2020 and at all times relevant, Defendant, RDX, LLC had the right and/or ability to terminate Williams from his work and no longer allow him to drive for the company.

50.     On March 2, 2020 and at all times relevant, Defendant, RDX, LLC, had the right and/or ability to take disciplinary action against Robert Williams for violations of RDX, LLC's work rules, safe driving practices, traffic laws, or federal motor carrier safety regulations.

51.     At all times relevant, it was the duty of Defendant, RDX, LLC, by and through its agent and/or employee, Robert Williams, to exercise reasonable care in the possession, maintenance, inspection, repair, control, and operation of commercial motor vehicles operating under its authority, so as not to cause injury to others, including Plaintiff.

52.     Defendant, RDX, LLC, by and through its agent and/or employee, Robert Williams, breached its aforesaid duties and was careless and/or negligent in one or more of the following ways:

a.     Failed to operate a commercial motor vehicle in a safe manner given the condition of the truck, trailer, and equipment;

b.     Failed to operate a commercial motor vehicle at a safe speed given the condition of the truck, trailer, and equipment;

c.     Failed to maintain a proper lookout;

d.     Failed to conduct a proper inspection of the trailer to ensure it was in a safe condition such that the wheels, tires, and axels were sufficiently attached so that they would not become dislodged while on a roadway;

e.     Failed to properly maintain the trailer to ensure the wheels, tires, and axels were sufficiently attached so that they would not become dislodged while on a roadway.

9

    f.     Failed to obey the laws, ordinances, and regulations of the jurisdiction in which a commercial motor vehicle was being operated, contrary to 49 CFR §392.2;

    g.    Operated a commercial motor vehicle that Defendants knew or should have known was in an unsafe condition; and

    h.    Failed to maintain control of the vehicle;

53.    As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions of Defendant, RDX, LLC, by and through its agent, Robert Williams, the rear passenger tandem tires detached from the trailer being hauled by Robert Williams and crossed into the opposing lanes of I-55 causing a multi-vehicle crash.

54.    As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions of Defendant, RDX, LLC, by and through its agent, Robert Williams, the vehicle Plaintiff was a passenger in struck a stationary tractor-trailer on the right shoulder of northbound I-55.

55.    As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions, Robin Francis suffered injury and death and her family, heirs, and/or next-of-kin suffered the loss of society as a result, in addition to grief, sorrow, and mental suffering as a consequence of her death.

56.    PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, deceased, was granted letter of special administration by the Circuit Court of Fond du Lac County, Wisconsin, as evidence of its right to bring this action pursuant to the Wrongful Death Act of Illinois, 740 ILCS 180/1 et seq.

WHEREFORE, Plaintiffs, PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, and PETER DOYLE, LIZ DOYLE, JENNIFER WHETTER, and MARGARET SHELDON, as next of kin to ROBIN FRANCIS, pray for judgment against

Defendants, RDX, LLC, and ROBERT WILLIAMS, in a sum in excess of the jurisdictional limits of this Court, plus the costs of this suit.

## COUNT III – Survival Act
### Estate of Robin Francis v. RDX, LLC
**(Negligence – Failure to provide safe equipment)**

57.     Plaintiff adopts, re-alleges, and incorporates by reference paragraphs 1-22 of the Facts Common to All Counts, above, as though fully set forth here as paragraphs of this Count III.

58.     At all times relevant, it was the duty of Defendant, RDX, LLC, to exercise reasonable care in ensuring the equipment and trailers being hauled by its drivers and under its motor carrier authority are reasonably safe and will not disassemble during use, including the proper inspection and maintenance of said trailers and equipment.

59.     Defendant, RDX, LLC, breached its aforesaid duties and was careless and/or negligent in the maintenance, inspection, and provision of trailers and equipment in one or more of the following ways:

      a.    Failed to conduct a proper inspection of the trailer to ensure it was in a safe condition such that the wheels, tires, and axels were sufficiently attached so that they would not become dislodged while on a roadway;

      b.    Failed to properly maintain the trailer to ensure the wheels, tires, and axels were sufficiently attached so that they would not become dislodged while on a roadway;

      c.    Failed to have an appropriate system in place to ensure the proper inspection of trailers and equipment leased by RDX, LLC, under the control of RDX, LLC, attached to trucks driven by RDX, LLC drivers, or otherwise used by RDX, LLC;

      d.    Failed to have an appropriate system in place to ensure the proper inspection of trailers and equipment leased by RDX, LLC, under the control of RDX, LLC, attached to trucks driven by RDX, LLC drivers, or otherwise used by RDX, LLC;

e.      Failed to provide appropriate oversight over its drivers and other agents and/or employees to ensure appropriate inspection procedures were in place for trailers hauled by RDX, LLC drivers;

f.      Failed to provide appropriate oversight over its drivers and other agents and/or employees to ensure appropriate maintenance procedures were in place for trailers hauled by RDX, LLC drivers;

g.      Failed to provide appropriate training to its drivers and other agents and/or employees to ensure appropriate inspection procedures were in place for trailers hauled by RDX, LLC drivers;

h.      Failed to provide appropriate training to its drivers and other agents and/or employees to ensure appropriate maintenance procedures were in place for trailers hauled by RDX, LLC drivers;

i.      Failed to ensure that the trailers and equipment it provided to its drivers were reasonably safe for use on public roadways.

60.     As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions of Defendant, RDX, LLC, the rear passenger tandem tires detached from the trailer being hauled by Robert Williams and crossed into the opposing lanes of I-55 causing a multi-vehicle crash.

61.     As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions of Defendant, RDX, LLC, the vehicle Plaintiff was a passenger in struck a stationary tractor-trailer on the right shoulder of northbound I-55.

62.     As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions, Robin Francis endured suffering and resulting death.

63.     PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, deceased, was granted letter of special administration by the Circuit Court of Fond du Lac County, Wisconsin, as evidence of its right to bring this action pursuant to the Survival Act of Illinois, 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, deceased, prays for judgment against Defendant, RDX, LLC, in a sum in excess of the jurisdictional limits of this Court, plus the costs of this suit.

### COUNT IV – Wrongful Death
### Estate of Robin Francis v. RDX, LLC
### (Negligence – Failure to provide safe equipment)

64.     Plaintiff adopts, re-alleges, and incorporates by reference paragraphs 1-22 of the Facts Common to All Counts, above, as though fully set forth here as paragraphs of this Count IV.

65.     At all times relevant, it was the duty of Defendant, RDX, LLC, to exercise reasonable care in ensuring the equipment and trailers being hauled by its drivers and under its motor carrier authority are reasonably safe and will not disassemble during use, including the proper inspection and maintenance of said trailers and equipment.

66.     Defendant, RDX, LLC, breached its aforesaid duties and was careless and/or negligent in the maintenance, inspection, and provision of trailers and equipment in one or more of the following ways:

    a.    Failed to conduct a proper inspection of the trailer to ensure it was in a safe condition such that the wheels, tires, and axels were sufficiently attached so that they would not become dislodged while on a roadway;

    b.    Failed to properly maintain the trailer to ensure the wheels, tires, and axels were sufficiently attached so that they would not become dislodged while on a roadway;

    c.    Failed to have an appropriate system in place to ensure the proper inspection of trailers and equipment leased by RDX, LLC, under the control of RDX, LLC, attached to trucks driven by RDX, LLC drivers, or otherwise used by RDX, LLC;

    d.    Failed to have an appropriate system in place to ensure the proper inspection of trailers and equipment leased by RDX, LLC, under the

control of RDX, LLC, attached to trucks driven by RDX, LLC
drivers, or otherwise used by RDX, LLC;

e.  Failed to provide appropriate oversight over its drivers and other
agents and/or employees to ensure appropriate inspection procedures
were in place for trailers hauled by RDX, LLC drivers;

f.  Failed to provide appropriate oversight over its drivers and other
agents and/or employees to ensure appropriate maintenance
procedures were in place for trailers hauled by RDX, LLC drivers;

g.  Failed to provide appropriate training to its drivers and other agents
and/or employees to ensure appropriate inspection procedures were
in place for trailers hauled by RDX, LLC drivers;

h.  Failed to provide appropriate training to its drivers and other agents
and/or employees to ensure appropriate maintenance procedures
were in place for trailers hauled by RDX, LLC drivers;

i.  Failed to ensure that the trailers and equipment it provided to its
drivers were reasonably safe for use on public roadways.

67.    As a direct and proximate result of one or more of the foregoing careless and/or

negligent acts and/or omissions of Defendant, RDX, LLC, the rear passenger tandem tires detached

from the trailer being hauled by Robert Williams and crossed into the opposing lanes of I-55

causing a multi-vehicle crash.

68.    As a direct and proximate result of one or more of the foregoing careless and/or

negligent acts and/or omissions of Defendant, RDX, LLC, the vehicle Plaintiff was a passenger in

struck a stationary tractor-trailer on the right shoulder of northbound I-55.

69.    As a direct and proximate result of one or more of the foregoing careless and/or

negligent acts and/or omissions, Robin Francis suffered injury and death and her family, heirs,

and/or next-of-kin suffered the loss of society as a result, in addition to grief, sorrow, and mental

suffering as a consequence of her death.

70.    PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS,

deceased, was granted letter of special administration by the Circuit Court of Fond du Lac County, Wisconsin, as evidence of its right to bring this action pursuant to the Wrongful Death Act of Illinois, 740 ILCS 180/1 et seq.

WHEREFORE, Plaintiffs, PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, and PETER DOYLE, LIZ DOYLE, JENNIFER WHETTER, and MARGARET SHELDON, as next of kin to ROBIN FRANCIS, pray for judgment against Defendant, RDX, LLC, in a sum in excess of the jurisdictional limits of this Court, plus the costs of this suit.

## COUNT V – Survival Act
### Estate of Robin Francis v. RDX, LLC
### (Negligent Training)

71.     Plaintiff adopts, re-alleges, and incorporates by reference paragraphs 1-22 of the Facts Common to All Counts, above, as though fully set forth here as paragraphs of this Count V.

72.     At all times relevant, it was the duty of Defendant, RDX, LLC, to exercise reasonable care in training its drivers in the safe operation of commercial motor vehicles, and in training its drivers and other employees and/or agents in the proper inspection and maintenance of trailers and equipment used by RDX, LLC drivers or hauled by trucks operating under the motor carrier authority of RDX, LLC.

73.     Defendant, RDX, LLC, breached its aforesaid duties and was careless and/or negligent in training its agents and/or employees in one or more of the following ways:

a.     Failed to ensure that Robert Williams was familiar with and followed the Federal Motor Carrier Safety Regulations, including the provisions relating to maintenance and inspection of trucks and trailers;

b.     Failed to have an appropriate safety training program in place for its drivers, agents and/or employees, including Robert Williams;

    c.    Failed to provide appropriate training with respect to inspection of trucks and trailers to ensure the trailer or equipment will not fall apart, become dislodged, disassembled, or dislodged during use;

    d.    Failed to provide appropriate training with respect to maintenance of trucks and trailers to ensure the trailer or equipment will not fall apart, become dislodged, disassembled, or dislodged during use;

    e.    Failed to provide appropriate re-training at regular intervals to ensure drivers, agents, and employees, are familiar with and follow reasonably safe maintenance practices for trailers and equipment;

    f.    Failed to provide appropriate re-training at regular intervals to ensure drivers, agents, and employees, are familiar with and follow reasonably safe inspection practices for trailers and equipment;

    g.    Failed to provide appropriate defensive driving training to Robert Williams;

74.    As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions of Defendant, RDX, LLC, the rear passenger tandem tires detached from the trailer being hauled by Robert Williams and crossed into the opposing lanes of I-55 causing a multi-vehicle crash.

75.    As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions of Defendant, RDX, LLC, the vehicle Plaintiff was a passenger in struck a stationary tractor-trailer on the right shoulder of northbound I-55.

76.    As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions, Robin Francis endured suffering and resulting death.

77.    PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, deceased, was granted letter of special administration by the Circuit Court of Fond du Lac County, Wisconsin, as evidence of its right to bring this action pursuant to the Survival Act of Illinois, 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, PETER DOYLE, as Special Administrator for the Estate of

ROBIN FRANCIS, deceased, prays for judgment against Defendant, RDX, LLC, in a sum in excess of the jurisdictional limits of this Court, plus the costs of this suit.

**COUNT VI – Wrongful Death**
**Estate of Robin Francis v. RDX, LLC**
**(Negligent Training)**

78.     Plaintiff adopts, re-alleges, and incorporates by reference paragraphs 1-22 of the Facts Common to All Counts, above, as though fully set forth here as paragraphs of this Count VI.

79.     At all times relevant, it was the duty of Defendant, RDX, LLC, to exercise reasonable care in training its drivers in the safe operation of commercial motor vehicles, and in training its drivers and other employees and/or agents in the proper inspection and maintenance of trailers and equipment used by RDX, LLC drivers or hauled by trucks operating under the motor carrier authority of RDX, LLC.

80.     Defendant, RDX, LLC, breached its aforesaid duties and was careless and/or negligent in training its agents and/or employees in one or more of the following ways:

      a.    Failed to ensure that Robert Williams was familiar with and followed the Federal Motor Carrier Safety Regulations, including the provisions relating to maintenance and inspection of trucks and trailers;

      b.    Failed to have an appropriate safety training program in place for its drivers, agents and/or employees, including Robert Williams;

      c.    Failed to provide appropriate training with respect to inspection of trucks and trailers to ensure the trailer or equipment will not fall apart, become dislodged, disassembled, or dislodged during use;

      d.    Failed to provide appropriate training with respect to maintenance of trucks and trailers to ensure the trailer or equipment will not fall apart, become dislodged, disassembled, or dislodged during use;

      e.    Failed to provide appropriate re-training at regular intervals to ensure drivers, agents, and employees, are familiar with and follow reasonably safe maintenance practices for trailers and equipment;

f.   Failed to provide appropriate re-training at regular intervals to ensure drivers, agents, and employees, are familiar with and follow reasonably safe inspection practices for trailers and equipment;

g.   Failed to provide appropriate defensive driving training to Robert Williams;

81.   As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions of Defendant, RDX, LLC, the rear passenger tandem tires detached from the trailer being hauled by Robert Williams and crossed into the opposing lanes of I-55 causing a multi-vehicle crash.

82.   As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions of Defendant, RDX, LLC, the vehicle Plaintiff was a passenger in struck a stationary tractor-trailer on the right shoulder of northbound I-55.

83.   As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions, Robin Francis suffered injury and death and her family, heirs, and/or next-of-kin suffered the loss of society as a result, in addition to grief, sorrow, and mental suffering as a consequence of her death.

84.   PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, deceased, was granted letter of special administration by the Circuit Court of Fond du Lac County, Wisconsin, as evidence of its right to bring this action pursuant to the Wrongful Death Act of Illinois, 740 ILCS 180/1 et seq.

WHEREFORE, Plaintiffs, PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, and PETER DOYLE, LIZ DOYLE, JENNIFER WHETTER, and MARGARET SHELDON, as next of kin to ROBIN FRANCIS, pray for judgment against Defendant, RDX, LLC, in a sum in excess of the jurisdictional limits of this Court, plus the costs of this suit.

## COUNT VII – Survival Act
### Estate of Robin Francis v. RDX, LLC
### (Negligent Hiring and Retention)

85.     Plaintiff adopts, re-alleges, and incorporates by reference paragraphs 1-22 of the Facts Common to All Counts, above, as though fully set forth here as paragraphs of this Count VII.

86.     On or before March 2, 2020, Defendant, RDX, LLC, supplied and arranged for use of equipment to Robert Williams.

87.     At all times relevant, Defendant, Robert Williams, was unfit to operate a commercial motor vehicle under Defendant, RDX, LLC's operating authority by way of his inadequate training and supervision.

88.     At all times relevant, Defendant RDX, LLC, knew or should have known that Defendant, Robert Williams, was unfit to operate a commercial motor vehicle under Defendant, RDX, LLC's operating authority by way of his inadequate training and supervision.

89.     At all times relevant, Defendant, RDX, knew or should have known that Robert Williams's driving record, motor vehicle history, prior employment background, training, and/or other factors indicated that entrusting him with equipment would result in an unreasonable risk of harm to others.

90.     At all times relevant, it was the duty of RDX, LLC to act with reasonable care in the hiring and retention of drivers, including Robert Williams, so as not to cause injury to others.

91.     Defendant, RDX, LLC, breached its aforesaid duties and was careless and/or negligent in its hiring and retention of Defendant, Robert Williams, in one or more of the following ways:

    a.     Failed to conduct an appropriate background check before allowing Williams to begin driving under the motor carrier authority of RDX,

19

LLC;

b.    Failed to conduct appropriate background checks while continuing to allow Williams to drive under the motor carrier authority of RDX, LLC.

c.    Failed to properly investigate the driving record and motor vehicle history of Robert Williams

d.    Failed to properly investigate the employment history of Robert Williams;

e.    Failed to provide appropriate training materials, manuals, procedures, or protocols to its drivers, agents, and employees that commercial motor vehicles under RDX, LLC's motor carrier authority were operated in a safe manner.

f.    Failed to ensure Robert Williams was familiar with Federal Motor Carrier Safety Regulations, including those related to inspection, maintenance, and operation of tractor-trailers and equipment;

g.    Failed to have an appropriate safety program in place for drivers including Robert Williams;

h.    Failed to ensure Robert Williams adhered to an appropriate safety program;

i.    Failed to recognize that Robert Williams was unfit to drive under Defendant's motor carrier authority due to his prior driving record, inadequate training, unfamiliarity with federal regulations, lack of supervision, and/or prior employment history;

j.    Hired Robert Williams and/or allowed him to begin driving under Defendant's motor carrier authority when Defendant knew or should have known of his particular unfitness to drive unless or until he received appropriate training, instruction, and supervision;

k.    Failed to disqualify Robert Williams from driving under Defendant's motor carrier authority when Defendant knew or should have known of his particular unfitness to drive unless or until he received appropriate training, instruction, and supervision;

92.    As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions of Defendant, RDX, LLC, the rear passenger tandem tires detached

20

from the trailer being hauled by Robert Williams and crossed into the opposing lanes of I-55 causing a multi-vehicle crash.

93.     As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions of Defendant, RDX, LLC, the vehicle Plaintiff was a passenger in struck a stationary tractor-trailer on the right shoulder of northbound I-55.

94.     As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions, Robin Francis endured suffering and resulting death.

95.     PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, deceased, was granted letter of special administration by the Circuit Court of Fond du Lac County, Wisconsin, as evidence of its right to bring this action pursuant to the Survival Act of Illinois, 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, deceased, prays for judgment against Defendant, RDX, LLC, in a sum in excess of the jurisdictional limits of this Court, plus the costs of this suit.

**COUNT VIII – Wrongful Death**
**Estate of Robin Francis v. RDX, LLC**
**(Negligent Hiring and Retention)**

96.     Plaintiff adopts, re-alleges, and incorporates by reference paragraphs 1-22 of the Facts Common to All Counts, above, as though fully set forth here as paragraphs of this Count VIII.

97.     On or before March 2, 2020, Defendant, RDX, LLC, supplied and arranged for use of equipment to Robert Williams.

98.     At all times relevant, Defendant, Robert Williams, was unfit to operate a commercial motor vehicle under Defendant, RDX, LLC's operating authority by way of his

inadequate training and supervision.

99.     At all times relevant, Defendant RDX, LLC, knew or should have known that Defendant, Robert Williams, was unfit to operate a commercial motor vehicle under Defendant, RDX, LLC's operating authority by way of his inadequate training and supervision.

100.     At all times relevant, Defendant, RDX, knew or should have known that Robert Williams's driving record, motor vehicle history, prior employment background, training, and/or other factors indicated that entrusting him with equipment would result in an unreasonable risk of harm to others.

101.     At all times relevant, it was the duty of RDX, LLC to act with reasonable care in the hiring and retention of drivers, including Robert Williams, so as not to cause injury to others.

102.     Defendant, RDX, LLC, breached its aforesaid duties and was careless and/or negligent in its hiring and retention of Defendant, Robert Williams, in one or more of the following ways:

   a.   Failed to conduct an appropriate background check before allowing Williams to begin driving under the motor carrier authority of RDX, LLC;

   b.   Failed to conduct appropriate background checks while continuing to allow Williams to drive under the motor carrier authority of RDX, LLC.

   c.   Failed to properly investigate the driving record and motor vehicle history of Robert Williams

   d.   Failed to properly investigate the employment history of Robert Williams;

   e.   Failed to provide appropriate training materials, manuals, procedures, or protocols to its drivers, agents, and employees that commercial motor vehicles under RDX, LLC's motor carrier authority were operated in a safe manner.

   f.   Failed to ensure Robert Williams was familiar with Federal Motor

22

Carrier Safety Regulations, including those related to inspection, maintenance, and operation of tractor-trailers and equipment;

g.  Failed to have an appropriate safety program in place for drivers including Robert Williams;

h.  Failed to ensure Robert Williams adhered to an appropriate safety program;

i.  Failed to recognize that Robert Williams was unfit to drive under Defendant's motor carrier authority due to his prior driving record, inadequate training, unfamiliarity with federal regulations, lack of supervision, and/or prior employment history;

j.  Hired Robert Williams and/or allowed him to begin driving under Defendant's motor carrier authority when Defendant knew or should have known of his particular unfitness to drive unless or until he received appropriate training, instruction, and supervision;

k.  Failed to disqualify Robert Williams from driving under Defendant's motor carrier authority when Defendant knew or should have known of his particular unfitness to drive unless or until he received appropriate training, instruction, and supervision;

103.    As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions of Defendant, RDX, LLC, the rear passenger tandem tires detached from the trailer being hauled by Robert Williams and crossed into the opposing lanes of I-55 causing a multi-vehicle crash.

104.    As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions of Defendant, RDX, LLC, the vehicle Plaintiff was a passenger in struck a stationary tractor-trailer on the right shoulder of northbound I-55.

105.    As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions, Robin Francis suffered injury and death and her family, heirs, and/or next-of-kin suffered the loss of society as a result, in addition to grief, sorrow, and mental suffering as a consequence of her death.

106.    PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, deceased, was granted letter of special administration by the Circuit Court of Fond du Lac County, Wisconsin, as evidence of its right to bring this action pursuant to the Wrongful Death Act of Illinois, 740 ILCS 180/1 et seq.

WHEREFORE, Plaintiffs, PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, and PETER DOYLE, LIZ DOYLE, JENNIFER WHETTER, and MARGARET SHELDON, as next of kin to ROBIN FRANCIS, pray for judgment against Defendant, RDX, LLC, in a sum in excess of the jurisdictional limits of this Court, plus the costs of this suit.

**COUNT IX – Survival Act**
**Estate of Robin Francis v. RDX, LLC**
**(Negligent Entrustment)**

107.    Plaintiff adopts, re-alleges, and incorporates by reference paragraphs 1-22 of the Facts Common to All Counts, above, as though fully set forth here as paragraphs of this Count IX.

108.    On and before March 2, 2020, Defendant, RDX, LLC had possession and control of the 2017 Kenworth tractor that Robert Williams was driving at the time of the occurrence.

109.    On and before March 2, 2020, Defendant, RDX, LLC, permitted Robert Williams to operate the 2017 Kenworth tractor that was involved in this occurrence.

110.    On and before March 2, 2020, Defendant, RDX, LLC, permitted Robert Williams to operate under its USDOT motor carrier operating authority.

111.    On and before March 2, 2020, Defendant, RDX, LLC, leased or otherwise procured a trailer for use by Robert Williams.

112.    On or before March 2, 2020, the trailer involved in this occurrence was in possession or control of Defendant, RDX, LLC.

24

113.    On or before March 2, 2020, Defendant, RDX, LLC, permitted Robert Williams to use the trailer he was hauling at the time of this occurrence.

114.    At all times relevant, it was the duty of Defendant, RDX, LLC, to exercise reasonable care in the entrustment of its trucks, trailers, and motor carrier authority to drivers, including Robert Williams, including to conduct an appropriate investigation into the driving record, motor vehicle history, employment background, and training of Robert Williams to determine whether he was a safe, fit, and competent driver that could be entrusted with equipment and to drive for RDX, LLC.

115.    Defendant, RDX, LLC, breached its aforesaid duties and was careless and/or negligent in the entrustment of its trucks, trailers, equipment, and motor carrier authority in one or more of the following ways:

    a.    Failed to fully and adequately review the employment history of Robert Williams before entrusting a vehicle and equipment to him;

    b.    Failed to fully and adequately review the driving history and motor vehicle record of Robert Williams before entrusting a vehicle and equipment to him.

    c.    Failed to fully and adequately review the training history of Robert Williams before entrusting a vehicle and equipment to him.

    d.    Failed to compile and maintain an appropriate driver qualification file for Robert Williams.

    e.    Failed to provide appropriate oversight over Robert Williams to ensure he did not drive the vehicle entrusted to him in an unsafe manner;

    f.    Carelessly and/or negligently entrusted a vehicle to Robert Williams when Defendant knew or should have known that Robert Williams was unfit to operate the commercial motor vehicle involved in this occurrence;

116.    As a direct and proximate result of one or more of the foregoing careless and/or

negligent acts and/or omissions of Defendant, RDX, LLC, the rear passenger tandem tires detached from the trailer being hauled by Robert Williams, entrusted to him by Defendant, RDX, LLC, and crossed into the opposing lanes of I-55 causing a multi-vehicle crash.

117.    As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions of Defendant, RDX, LLC, the vehicle Plaintiff was a passenger in struck a stationary tractor-trailer on the right shoulder of northbound I-55.

118.    As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions, Robin Francis endured suffering and resulting death.

119.    PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, deceased, was granted letter of special administration by the Circuit Court of Fond du Lac County, Wisconsin, as evidence of its right to bring this action pursuant to the Survival Act of Illinois, 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, deceased, prays for judgment against Defendant, RDX, LLC, in a sum in excess of the jurisdictional limits of this Court, plus the costs of this suit.

## COUNT X – Wrongful Death
### Estate of Robin Francis v. RDX, LLC
### (Negligent Entrustment)

120.    Plaintiff adopts, re-alleges, and incorporates by reference paragraphs 1-22 of the Facts Common to All Counts, above, as though fully set forth here as paragraphs of this Count X.

121.    On and before March 2, 2020, Defendant, RDX, LLC had possession and control of the 2017 Kenworth tractor that Robert Williams was driving at the time of the occurrence.

122.    On and before March 2, 2020, Defendant, RDX, LLC, permitted Robert Williams to operate the 2017 Kenworth tractor that was involved in this occurrence.

123.    On and before March 2, 2020, Defendant, RDX, LLC, permitted Robert Williams to operate under its USDOT motor carrier operating authority.

124.    On and before March 2, 2020, Defendant, RDX, LLC, leased or otherwise procured a trailer for use by Robert Williams.

125.    On or before March 2, 2020, the trailer involved in this occurrence was in possession or control of Defendant, RDX, LLC.

126.    On or before March 2, 2020, Defendant, RDX, LLC, permitted Robert Williams to use the trailer he was hauling at the time of this occurrence.

127.    At all times relevant, it was the duty of Defendant, RDX, LLC, to exercise reasonable care in the entrustment of its trucks, trailers, and motor carrier authority to drivers, including Robert Williams, including to conduct an appropriate investigation into the driving record, motor vehicle history, employment background, and training of Robert Williams to determine whether he was a safe, fit, and competent driver that could be entrusted with equipment and to drive for RDX, LLC.

128.    Defendant, RDX, LLC, breached its aforesaid duties and was careless and/or negligent in the entrustment of its trucks, trailers, equipment, and motor carrier authority in one or more of the following ways:

    a.    Failed to fully and adequately review the employment history of Robert Williams before entrusting a vehicle and equipment to him;

    b.    Failed to fully and adequately review the driving history and motor vehicle record of Robert Williams before entrusting a vehicle and equipment to him.

    c.    Failed to fully and adequately review the training history of Robert Williams before entrusting a vehicle and equipment to him.

    d.    Failed to compile and maintain an appropriate driver qualification file for Robert Williams.

e.   Failed to provide appropriate oversight over Robert Williams to ensure he did not drive the vehicle entrusted to him in an unsafe manner;

f.   Carelessly and/or negligently entrusted a vehicle to Robert Williams when Defendant knew or should have known that Robert Williams was unfit to operate the commercial motor vehicle involved in this occurrence;

129.   As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions of Defendant, RDX, LLC, the rear passenger tandem tires detached from the trailer being hauled by Robert Williams, entrusted to him by Defendant, RDX, LLC, and crossed into the opposing lanes of I-55 causing a multi-vehicle crash.

130.   As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions of Defendant, RDX, LLC, the vehicle Plaintiff was a passenger in struck a stationary tractor-trailer on the right shoulder of northbound I-55.

131.   As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions, Robin Francis suffered injury and death and her family, heirs, and/or next-of-kin suffered the loss of society as a result, in addition to grief, sorrow, and mental suffering as a consequence of her death.

132.   PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, deceased, was granted letter of special administration by the Circuit Court of Fond du Lac County, Wisconsin, as evidence of its right to bring this action pursuant to the Wrongful Death Act of Illinois, 740 ILCS 180/1 et seq.

WHEREFORE, Plaintiffs, PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, and PETER DOYLE, LIZ DOYLE, JENNIFER WHETTER, and MARGARET SHELDON, as next of kin to ROBIN FRANCIS, pray for judgment against

Defendant, RDX, LLC, in a sum in excess of the jurisdictional limits of this Court, plus the costs of this suit.

**COUNT XI – Survival Act**
**Estate of Robin Francis v. Fleet Equipment, LLC.**
**(Negligence)**

133.    Plaintiff adopts, re-alleges, and incorporates by reference paragraphs 1-22 of the Facts Common to All Counts, above, as though fully set forth here as paragraphs of this Count XI.

134.    On March 2, 2020, Defendant, Fleet Equipment, LLC, was the owner of the trailer being hauled by Defendant, Robert Williams.

135.    On or before March 2, 2020, Defendant, Fleet Equipment, LLC, provided equipment to Defendant, RDX, LLC, in the form of the trailer that was being hauled by Defendant, Robert Williams, at the time of this occurrence.

136.    At all times relevant, it was the duty of Defendant, Fleet Equipment, LLC, to exercise reasonable care in the ownership, maintenance, control, and inspection of its trailers, and to exercise reasonable care in providing trailers and equipment to motor carriers.

137.    Defendant, Fleet Equipment, LLC, breached its aforesaid duties and was careless and/or negligent in one or more of the following ways:

    a.    Failed to maintain its trailer and equipment in a reasonably safe manner so that parts would not become detached or disassembled during use on the roadway;

    b.    Failed to inspect its trailer and equipment in a reasonably safe manner so that parts would not become detached or disassembled during use on the roadway;

    c.    Failed to repair its trailer and equipment in a reasonably safe manner so that parts would not become detached or disassembled during use on the roadway;

    d.    Failed to ensure that the trailers and equipment it provided to motor carriers, including RDX, LLC, were reasonably safe such that parts

29

would not become detached or disassembled during use on the roadway;

e.   Failed to provide safe equipment to RDX, LLC and/or Robert Williams;

f.   Failed to have an appropriate system in place to ensure that its trailers and equipment were properly maintained;

g.   Failed to have an appropriate system in place to ensure that its trailers and equipment were regularly and appropriately inspected;

h.   Failed to have an appropriate system in place to ensure repairs are completed timely, adequately, and safely;

i.   Failed to have an appropriate system in place to ensure that aged, worn, dated, expired, damaged, or unsafe trailers and equipment were retired or discontinued from use.

j.   Failed to retire or discontinue using the trailer involved in this occurrence due to age, use, wear, maintenance, damage, or other factors prior to this occurrence

138.   As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions of Defendant, Fleet Equipment, LLC, the rear passenger tandem tires detached from the trailer owned by Fleet Equipment, LLC, being hauled by Robert Williams, and crossed into the opposing lanes of I-55 causing a multi-vehicle crash.

139.   As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions of Defendant, Fleet Equipment, LLC, the vehicle Plaintiff was a passenger in struck a stationary tractor-trailer on the right shoulder of northbound I-55.

140.   As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions, Robin Francis endured suffering and resulting death.

141.   PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, deceased, was granted letter of special administration by the Circuit Court of Fond du Lac County, Wisconsin, as evidence of its right to bring this action pursuant to the Survival Act of Illinois, 755

ILCS 5/27-6.

WHEREFORE, Plaintiff, PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, deceased, prays for judgment against Defendant, FLEET EQUIPMENT, LLC, in a sum in excess of the jurisdictional limits of this Court, plus the costs of this suit.

### COUNT XII – Wrongful Death
**Estate of Robin Francis v. Fleet Equipment, LLC**
**(Negligence)**

142.   Plaintiff adopts, re-alleges, and incorporates by reference paragraphs 1-22 of the Facts Common to All Counts, above, as though fully set forth here as paragraphs of this Count XII.

143.   On March 2, 2020, Defendant, Fleet Equipment, LLC, was the owner of the trailer being hauled by Defendant, Robert Williams.

144.   On or before March 2, 2020, Defendant, Fleet Equipment, LLC, provided equipment to Defendant, RDX, LLC, in the form of the trailer that was being hauled by Defendant, Robert Williams, at the time of this occurrence.

145.   At all times relevant, it was the duty of Defendant, Fleet Equipment, LLC, to exercise reasonable care in the ownership, maintenance, control, and inspection of its trailers, and to exercise reasonable care in providing trailers and equipment to motor carriers.

146.   Defendant, Fleet Equipment, LLC, breached its aforesaid duties and was careless and/or negligent in one or more of the following ways:

   a.   Failed to maintain its trailer and equipment in a reasonably safe manner so that parts would not become detached or disassembled during use on the roadway;

   b.   Failed to inspect its trailer and equipment in a reasonably safe manner so that parts would not become detached or disassembled during use on the roadway;

c.  Failed to repair its trailer and equipment in a reasonably safe manner so that parts would not become detached or disassembled during use on the roadway;

d.  Failed to ensure that the trailers and equipment it provided to motor carriers, including RDX, LLC, were reasonably safe such that parts would not become detached or disassembled during use on the roadway;

e.  Failed to provide safe equipment to RDX, LLC and/or Robert Williams;

f.  Failed to have an appropriate system in place to ensure that its trailers and equipment were properly maintained;

g.  Failed to have an appropriate system in place to ensure that its trailers and equipment were regularly and appropriately inspected;

h.  Failed to have an appropriate system in place to ensure repairs are completed timely, adequately, and safely;

i.  Failed to have an appropriate system in place to ensure that aged, worn, dated, expired, damaged, or unsafe trailers and equipment were retired or discontinued from use.

j.  Failed to retire or discontinue using the trailer involved in this occurrence due to age, use, wear, maintenance, damage, or other factors prior to this occurrence

147.  As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions of Defendant, Fleet Equipment, LLC, the rear passenger tandem tires detached from the trailer owned by Fleet Equipment Center, Inc. being hauled by Robert Williams, and crossed into the opposing lanes of I-55 causing a multi-vehicle crash.

148.  As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions of Defendant, Fleet Equipment, LLC, the vehicle Plaintiff was a passenger in struck a stationary tractor-trailer on the right shoulder of northbound I-55.

149.  As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions, Robin Francis suffered injury and death and her family, heirs,

and/or next-of-kin suffered the loss of society as a result, in addition to grief, sorrow, and mental suffering as a consequence of her death.

150.     PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, deceased, was granted letter of special administration by the Circuit Court of Fond du Lac County, Wisconsin, as evidence of its right to bring this action pursuant to the Wrongful Death Act of Illinois, 740 ILCS 180/1 et seq.

WHEREFORE, Plaintiffs, PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, and PETER DOYLE, LIZ DOYLE, JENNIFER WHETTER, and MARGARET SHELDON, as next of kin to ROBIN FRANCIS, pray for judgment against Defendant, FLEET EQUIPMENT, LLC, in a sum in excess of the jurisdictional limits of this Court, plus the costs of this suit.

## COUNT XIII – Survival Act
### Estate of Robin Francis v. Fleet Equipment Leasing, LLC
### (Negligence)

Pleading in the alternative to Count XI above, Plaintiff states as follows:

151.     Plaintiff adopts, re-alleges, and incorporates by reference paragraphs 1-22 of the Facts Common to All Counts, above, as though fully set forth here as paragraphs of this Count XIII.

152.     On March 2, 2020, Defendant, Fleet Equipment Leasing, LLC, was the owner of the trailer being hauled by Defendant, Robert Williams.

153.     On or before March 2, 2020, Defendant, Fleet Equipment Leasing, LLC provided equipment to Defendant, RDX, LLC, in the form of the trailer that was being hauled by Defendant, Robert Williams, at the time of this occurrence.

154.     At all times relevant, it was the duty of Defendant, Fleet Equipment Leasing, LLC

to exercise reasonable care in the ownership, maintenance, control, and inspection of its trailers, and to exercise reasonable care in providing trailers and equipment to motor carriers.

155.    Defendant, Fleet Equipment Leasing, LLC, breached its aforesaid duties and was careless and/or negligent in one or more of the following ways:

a.    Failed to maintain its trailer and equipment in a reasonably safe manner so that parts would not become detached or disassembled during use on the roadway;

b.    Failed to inspect its trailer and equipment in a reasonably safe manner so that parts would not become detached or disassembled during use on the roadway;

c.    Failed to repair its trailer and equipment in a reasonably safe manner so that parts would not become detached or disassembled during use on the roadway;

d.    Failed to ensure that the trailers and equipment it provided to motor carriers, including RDX, LLC, were reasonably safe such that parts would not become detached or disassembled during use on the roadway;

e.    Failed to provide safe equipment to RDX, LLC and/or Robert Williams;

f.    Failed to have an appropriate system in place to ensure that its trailers and equipment were properly maintained;

g.    Failed to have an appropriate system in place to ensure that its trailers and equipment were regularly and appropriately inspected;

h.    Failed to have an appropriate system in place to ensure repairs are completed timely, adequately, and safely;

i.    Failed to have an appropriate system in place to ensure that aged, worn, dated, expired, damaged, or unsafe trailers and equipment were retired or discontinued from use.

j.    Failed to retire or discontinue using the trailer involved in this occurrence due to age, use, wear, maintenance, damage, or other factors prior to this occurrence

156.    As a direct and proximate result of one or more of the foregoing careless and/or

negligent acts and/or omissions of Defendant, Fleet Equipment Leasing, LLC, the rear passenger tandem tires detached from the trailer owned by Fleet Equipment Leasing, LLC being hauled by Robert Williams, and crossed into the opposing lanes of I-55 causing a multi-vehicle crash.

157.    As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions of Defendant, Fleet Equipment Leasing, LLC, the vehicle Plaintiff was a passenger in struck a stationary tractor-trailer on the right shoulder of northbound I-55.

158.    As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions, Robin Francis suffered injury and death and her family, heirs, and/or next-of-kin suffered the loss of society as a result, in addition to grief, sorrow, and mental suffering as a consequence of her death.

159.    PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, deceased, was granted letter of special administration by the Circuit Court of Fond du Lac County, Wisconsin, as evidence of its right to bring this action pursuant to the Survival Act of Illinois, 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, deceased, prays for judgment against Defendant, FLEET EQUIPMENT LEASING, LLC, in a sum in excess of the jurisdictional limits of this Court, plus the costs of this suit.

### COUNT XIV – Wrongful Death Act
**Estate of Robin Francis v. Fleet Equipment Leasing, LLC**
**(Negligence)**

Pleading in the alternative to Count XII above, Plaintiff states as follows:

160.    Plaintiff adopts, re-alleges, and incorporates by reference paragraphs 1-22 of the Facts Common to All Counts, above, as though fully set forth here as paragraphs of this Count

XIV.

161.    On March 2, 2020, Defendant, Fleet Equipment Leasing, LLC, was the owner of the trailer being hauled by Defendant, Robert Williams.

162.    On or before March 2, 2020, Defendant, Fleet Equipment Leasing, LLC, provided equipment to Defendant, RDX, LLC, in the form of the trailer that was being hauled by Defendant, Robert Williams, at the time of this occurrence.

163.    At all times relevant, it was the duty of Defendant, Fleet Equipment Leasing, LLC to exercise reasonable care in the ownership, maintenance, control, and inspection of its trailers, and to exercise reasonable care in providing trailers and equipment to motor carriers.

164.    Defendant, Fleet Equipment Leasing, LLC, breached its aforesaid duties and was careless and/or negligent in one or more of the following ways:

   a. Failed to maintain its trailer and equipment in a reasonably safe manner so that parts would not become detached or disassembled during use on the roadway;

   b. Failed to inspect its trailer and equipment in a reasonably safe manner so that parts would not become detached or disassembled during use on the roadway;

   c. Failed to repair its trailer and equipment in a reasonably safe manner so that parts would not become detached or disassembled during use on the roadway;

   d. Failed to ensure that the trailers and equipment it provided to motor carriers, including RDX, LLC, were reasonably safe such that parts would not become detached or disassembled during use on the roadway;

   e. Failed to provide safe equipment to RDX, LLC and/or Robert Williams;

   f. Failed to have an appropriate system in place to ensure that its trailers and equipment were properly maintained;

   g. Failed to have an appropriate system in place to ensure that its trailers and equipment were regularly and appropriately inspected;

> h.  Failed to have an appropriate system in place to ensure repairs are completed timely, adequately, and safely;
>
> i.  Failed to have an appropriate system in place to ensure that aged, worn, dated, expired, damaged, or unsafe trailers and equipment were retired or discontinued from use.
>
> j.  Failed to retire or discontinue using the trailer involved in this occurrence due to age, use, wear, maintenance, damage, or other factors prior to this occurrence

165.  As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions of Defendant, Fleet Equipment Leasing, LLC, the rear passenger tandem tires detached from the trailer owned by Fleet Equipment Leasing, LLC being hauled by Robert Williams, and crossed into the opposing lanes of I-55 causing a multi-vehicle crash.

166.  As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions of Defendant, Fleet Equipment Leasing, LLC, the vehicle Plaintiff was a passenger in struck a stationary tractor-trailer on the right shoulder of northbound I-55.

167.  As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions, Robin Francis suffered injury and death and her family, heirs, and/or next-of-kin suffered the loss of society as a result, in addition to grief, sorrow, and mental suffering as a consequence of her death.

168.  PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, deceased, was granted letter of special administration by the Circuit Court of Fond du Lac County, Wisconsin, as evidence of its right to bring this action pursuant to the Wrongful Death Act of Illinois, 740 ILCS 180/1 et seq.

WHEREFORE, Plaintiffs, PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, and PETER DOYLE, LIZ DOYLE, JENNIFER WHETTER, and MARGARET SHELDON, as next of kin to ROBIN FRANCIS, pray for judgment against

Defendant, FLEET EQUIPMENT LEASING, LLC, in a sum in excess of the jurisdictional limits of this Court, plus the costs of this suit.

**COUNT XV - Survival Act**
**Estate of Robin Francis v. Robert Williams**
**(Negligence)**

169.    Plaintiff adopts, re-alleges, and incorporates by reference paragraphs 1-22 of the Facts Common to All Counts, above, as though fully set forth here as paragraphs of this Count XV.

170.    At all times relevant, it was the duty of Defendant, Robert Williams, to exercise reasonable care in the possession, maintenance, control, and operation of his vehicle so as not to cause injury to others, including Plaintiff.

171.    Defendant, Robert Williams, breached his aforesaid duties and was careless and/or negligent in one or more of the following ways:

    a.    Failed to operate a commercial motor vehicle in a safe manner given the condition of the truck, trailer, and equipment;

    b.    Failed to operate a commercial motor vehicle at a safe speed given the condition of the truck, trailer, and equipment;

    c.    Failed to maintain a proper lookout;

    d.    Failed to conduct a proper inspection of the trailer to ensure it was in a safe condition such that the wheels, tires, and axels were sufficiently attached so that they would not become dislodged while on a roadway;

    e.    Failed to properly maintain the trailer to ensure the wheels, tires, and axels were sufficiently attached so that they would not become dislodged while on a roadway.

    f.    Failed to obey the laws, ordinances, and regulations of the jurisdiction in which a commercial motor vehicle was being operated, contrary to 49 CFR §392.2;

    g.    Operated a commercial motor vehicle that Defendants knew or

should have known was in an unsafe condition; and

h.    Failed to maintain control of the vehicle;

172.    As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions of Defendant, Robert Williams, the rear passenger tandem tires detached from the trailer being hauled by Robert Williams and crossed into the opposing lanes of I-55 causing a multi-vehicle crash.

173.    As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions of Defendant, Robert Williams, the vehicle Plaintiff was a passenger in struck a stationary tractor-trailer on the right shoulder of northbound I-55.

174.    As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions, Robin Francis endured suffering and resulting death.

175.    PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, deceased, was granted letter of special administration by the Circuit Court of Fond du Lac County, Wisconsin, as evidence of its right to bring this action pursuant to the Survival Act of Illinois, 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, deceased, prays for judgment against Defendant, ROBERT WILLIAMS, in a sum in excess of the jurisdictional limits of this Court, plus the costs of this suit.

## COUNT XVI – Wrongful Death
### Estate of Robin Francis v. Robert Williams
### (Negligence)

176.    Plaintiff adopts, re-alleges, and incorporates by reference paragraphs 1-22 of the Facts Common to All Counts, above, as though fully set forth here as paragraphs of this Count XVI.

177.     At all times relevant, it was the duty of Defendant, Robert Williams, to exercise

reasonable care in the possession, maintenance, control, and operation of his vehicle so as not to

cause injury to others, including Plaintiff.

178.     Defendant, Robert Williams, breached his aforesaid duties and was careless

and/or negligent in one or more of the following ways:

a.     Failed to operate a commercial motor vehicle in a safe manner given the condition of the truck, trailer, and equipment;

b.     Failed to operate a commercial motor vehicle at a safe speed given the condition of the truck, trailer, and equipment;

c.     Failed to maintain a proper lookout;

d.     Failed to conduct a proper inspection of the trailer to ensure it was in a safe condition such that the wheels, tires, and axels were sufficiently attached so that they would not become dislodged while on a roadway;

e.     Failed to properly maintain the trailer to ensure the wheels, tires, and axels were sufficiently attached so that they would not become dislodged while on a roadway.

f.     Failed to obey the laws, ordinances, and regulations of the jurisdiction in which a commercial motor vehicle was being operated, contrary to 49 CFR §392.2;

g.     Operated a commercial motor vehicle that Defendants knew or should have known was in an unsafe condition; and

h.     Failed to maintain control of the vehicle;

179.     As a direct and proximate result of one or more of the foregoing careless and/or

negligent acts and/or omissions of Defendant, Robert Williams, the rear passenger tandem tires

detached from the trailer being hauled by Robert Williams and crossed into the opposing lanes of

I-55 causing a multi-vehicle crash.

180.     As a direct and proximate result of one or more of the foregoing careless and/or

negligent acts and/or omissions of Defendant, Robert Williams, the vehicle Plaintiff was a passenger in struck a stationary tractor-trailer on the right shoulder of northbound I-55.

181.    As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions, Robin Francis suffered injury and death and her family, heirs, and/or next-of-kin suffered the loss of society as a result, in addition to grief, sorrow, and mental suffering as a consequence of her death.

182.    PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, deceased, was granted letter of special administration by the Circuit Court of Fond du Lac County, Wisconsin, as evidence of its right to bring this action pursuant to the Wrongful Death Act of Illinois, 740 ILCS 180/1 et seq.

WHEREFORE, Plaintiffs, PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, and PETER DOYLE, LIZ DOYLE, JENNIFER WHETTER, and MARGARET SHELDON, as next of kin to ROBIN FRANCIS, pray for judgment against Defendant, ROBERT WILLIAMS, in a sum in excess of the jurisdictional limits of this Court, plus the costs of this suit.

## COUNT XVII – Survival Act
### Estate of Robin Francis v. Richard Jaeger
### (Negligence)

183.    Plaintiff adopts, re-alleges, and incorporates by reference paragraphs 1-22 of the Facts Common to All Counts, above, as though fully set forth here as paragraphs of this Count XVII.

184.    At all times relevant, it was the duty of Defendant, Richard Jaeger, to exercise reasonable care in the possession, maintenance, control, and operation of his vehicle so as not to cause injury to others, including Plaintiff.

41

185.     Defendant, Richard Jaeger, breached his aforesaid duties and was careless and/or negligent in one or more of the following ways:

      a.     Failed to operate his vehicle in a safe manner;

      b.     Failed to operate his vehicle at a safe speed;

      c.     Failed to maintain a proper lookout;

      d.     Failed to maintain control of the vehicle; and

      e.     Was otherwise negligent.

186.     As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions of Defendant, Richard Jaeger, the vehicle Plaintiff was a passenger in struck a stationary tractor-trailer on the right shoulder of northbound I-55.

187.     As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions, Robin Francis endured suffering and resulting death.

188.     PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, deceased, was granted letter of special administration by the Circuit Court of Fond du Lac County, Wisconsin, as evidence of its right to bring this action pursuant to the Survival Act of Illinois, 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, deceased, prays for judgment against Defendant, RICHARD JAEGER, in a sum in excess of the jurisdictional limits of this Court, plus the costs of this suit.

### COUNT XVIII – Wrongful Death
**Estate of Robin Francis v. Richard Jaeger**
**(Negligence)**

189.     Plaintiff adopts, re-alleges, and incorporates by reference paragraphs 1-22 of the Facts Common to All Counts, above, as though fully set forth here as paragraphs of this Count

XVIII.

190.     At all times relevant, it was the duty of Defendant, Richard Jaeger, to exercise reasonable care in the possession, maintenance, control, and operation of his vehicle so as not to cause injury to others, including Plaintiff.

191.     Defendant, Richard Jaeger, breached his aforesaid duties and was careless and/or negligent in one or more of the following ways:

192.     Defendant, Richard Jaeger, breached his aforesaid duties and was careless and/or negligent in one or more of the following ways:

    a.     Failed to operate his vehicle in a safe manner;

    b.     Failed to operate his vehicle at a safe speed;

    c.     Failed to maintain a proper lookout;

    d.     Failed to maintain control of the vehicle; and

    e.     Was otherwise negligent.

193.     As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions of Defendant, Richard Jaeger, the vehicle Plaintiff was a passenger in struck a stationary tractor-trailer on the right shoulder of northbound I-55.

194.     As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions, Robin Francis suffered injury and death and her family, heirs, and/or next-of-kin suffered the loss of society as a result, in addition to grief, sorrow, and mental suffering as a consequence of her death.

195.     PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, deceased, was granted letter of special administration by the Circuit Court of Fond du Lac County, Wisconsin, as evidence of its right to bring this action pursuant to the Wrongful Death Act of

Illinois, 740 ILCS 180/1 et seq.

WHEREFORE, Plaintiffs, PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, and PETER DOYLE, LIZ DOYLE, JENNIFER WHETTER, and MARGARET SHELDON, as next of kin to ROBIN FRANCIS, pray for judgment against Defendant, RICHARD JEAGER, in a sum in excess of the jurisdictional limits of this Court, plus the costs of this suit.

<u>**COUNT XIX – Survival Act**</u>
**Estate of Robin Francis v. Fleet Equipment Transportation, LLC.**
**(Negligence)**

Pleading in the alternative to Counts XI above, Plaintiff states as follows:

196.    Plaintiff adopts, re-alleges, and incorporates by reference paragraphs 1-22 of the Facts Common to All Counts, above, as though fully set forth here as paragraphs of this Count XIX.

197.    On March 2, 2020, Defendant, Fleet Equipment Transportation, LLC, was the owner of the trailer being hauled by Defendant, Robert Williams.

198.    On or before March 2, 2020, Defendant, Fleet Equipment Transporation, LLC provided equipment to Defendant, RDX, LLC, in the form of the trailer that was being hauled by Defendant, Robert Williams, at the time of this occurrence.

199.    At all times relevant, it was the duty of Defendant, Fleet Equipment Transportation, LLC to exercise reasonable care in the ownership, maintenance, control, and inspection of its trailers, and to exercise reasonable care in providing trailers and equipment to motor carriers.

200.    Defendant, Fleet Equipment Transportation, LLC, breached its aforesaid duties and was careless and/or negligent in one or more of the following ways:

      a.    Failed to maintain its trailer and equipment in a reasonably safe manner so that parts would not become detached or disassembled

during use on the roadway;

b.     Failed to inspect its trailer and equipment in a reasonably safe manner so that parts would not become detached or disassembled during use on the roadway;

c.     Failed to repair its trailer and equipment in a reasonably safe manner so that parts would not become detached or disassembled during use on the roadway;

d.     Failed to ensure that the trailers and equipment it provided to motor carriers, including RDX, LLC, were reasonably safe such that parts would not become detached or disassembled during use on the roadway;

e.     Failed to provide safe equipment to RDX, LLC and/or Robert Williams;

f.     Failed to have an appropriate system in place to ensure that its trailers and equipment were properly maintained;

g.     Failed to have an appropriate system in place to ensure that its trailers and equipment were regularly and appropriately inspected;

h.     Failed to have an appropriate system in place to ensure repairs are completed timely, adequately, and safely;

i.     Failed to have an appropriate system in place to ensure that aged, worn, dated, expired, damaged, or unsafe trailers and equipment were retired or discontinued from use.

j.     Failed to retire or discontinue using the trailer involved in this occurrence due to age, use, wear, maintenance, damage, or other factors prior to this occurrence

201.    As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions of Defendant, Fleet Equipment Transportation, LLC, the rear passenger tandem tires detached from the trailer owned by Fleet Equipment Transportation, LLC being hauled by Robert Williams, and crossed into the opposing lanes of I-55 causing a multi-vehicle crash.

202.    As a direct and proximate result of one or more of the foregoing careless and/or

negligent acts and/or omissions of Defendant, Fleet Equipment Transportation, LLC, the vehicle Plaintiff was a passenger in struck a stationary tractor-trailer on the right shoulder of northbound I-55.

203.    As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions, Robin Francis endured suffering and resulting death.

204.    PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, deceased, was granted letter of special administration by the Circuit Court of Fond du Lac County, Wisconsin, as evidence of its right to bring this action pursuant to the Survival Act of Illinois, 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, deceased, prays for judgment against Defendant, FLEET EQUIPMENT TRANSPORTATION, LLC, in a sum in excess of the jurisdictional limits of this Court, plus the costs of this suit.

## COUNT XX – Wrongful Death
### Estate of Robin Francis v. Fleet Equipment Transportation, LLC.
### (Negligence)

Pleading in the alternative to Counts XII above, Plaintiff states as follows:

205.    Plaintiff adopts, re-alleges, and incorporates by reference paragraphs 1-22 of the Facts Common to All Counts, above, as though fully set forth here as paragraphs of this Count XX.

206.    On March 2, 2020, Defendant, Fleet Equipment Transportation, LLC, was the owner of the trailer being hauled by Defendant, Robert Williams.

207.    On or before March 2, 2020, Defendant, Fleet Equipment Transporation, LLC provided equipment to Defendant, RDX, LLC, in the form of the trailer that was being hauled by

Defendant, Robert Williams, at the time of this occurrence.

208.    At all times relevant, it was the duty of Defendant, Fleet Equipment Transportation, LLC to exercise reasonable care in the ownership, maintenance, control, and inspection of its trailers, and to exercise reasonable care in providing trailers and equipment to motor carriers.

209.    Defendant, Fleet Equipment Transportation, LLC, breached its aforesaid duties and was careless and/or negligent in one or more of the following ways:

   a.    Failed to maintain its trailer and equipment in a reasonably safe manner so that parts would not become detached or disassembled during use on the roadway;

   b.    Failed to inspect its trailer and equipment in a reasonably safe manner so that parts would not become detached or disassembled during use on the roadway;

   c.    Failed to repair its trailer and equipment in a reasonably safe manner so that parts would not become detached or disassembled during use on the roadway;

   d.    Failed to ensure that the trailers and equipment it provided to motor carriers, including RDX, LLC, were reasonably safe such that parts would not become detached or disassembled during use on the roadway;

   e.    Failed to provide safe equipment to RDX, LLC and/or Robert Williams;

   f.    Failed to have an appropriate system in place to ensure that its trailers and equipment were properly maintained;

   g.    Failed to have an appropriate system in place to ensure that its trailers and equipment were regularly and appropriately inspected;

   h.    Failed to have an appropriate system in place to ensure repairs are completed timely, adequately, and safely;

   i.    Failed to have an appropriate system in place to ensure that aged, worn, dated, expired, damaged, or unsafe trailers and equipment were retired or discontinued from use.

   j.    Failed to retire or discontinue using the trailer involved in this

47

occurrence due to age, use, wear, maintenance, damage, or other factors prior to this occurrence

210.    As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions of Defendant, Fleet Equipment Transportation, LLC, the rear passenger tandem tires detached from the trailer owned by Fleet Equipment Transportation, LLC being hauled by Robert Williams, and crossed into the opposing lanes of I-55 causing a multi-vehicle crash.

211.    As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions of Defendant, Fleet Equipment Transportation, LLC, the vehicle Plaintiff was a passenger in struck a stationary tractor-trailer on the right shoulder of northbound I-55.

212.    As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions, Robin Francis suffered injury and death and her family, heirs, and/or next-of-kin suffered the loss of society as a result, in addition to grief, sorrow, and mental suffering as a consequence of her death.

213.    PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, deceased, was granted letter of special administration by the Circuit Court of Fond du Lac County, Wisconsin, as evidence of its right to bring this action pursuant to the Wrongful Death Act of Illinois, 740 ILCS 180/1 et seq.

WHEREFORE, Plaintiffs, PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, and PETER DOYLE, LIZ DOYLE, JENNIFER WHETTER, and MARGARET SHELDON, as next of kin to ROBIN FRANCIS, pray for judgment against Defendant, FLEET EQUIPMENT TRANSPORTATION, LLC,, in a sum in excess of the jurisdictional limits of this Court, plus the costs of this suit.

## COUNT XXI – Survival Act
### Estate of Robin Francis v. Hyundai Motor America
### (Strict Products Liability)

214.    Plaintiff adopts, re-alleges, and incorporates by reference paragraphs 1-22 of the Facts Common to All Counts, above, as though fully set forth here as paragraphs of this Count XXI.

215.    Defendant, Hyundai Motor America is a California corporation with its principal place of business in California.

216.    Upon information and belief, Defendant, Hyundai Motor America designed, marketed, and/or manufactured the 2019 Hyundai Trailer being hauled by Defendant, Robert Williams at the time of the March 2, 2020 occurrence.

217.    At some point after its manufacture, Defendant, Hyundai Motor America placed the 2019 trailer into the stream of commerce in the United States, including Illinois.

218.    At the time it was placed into the stream of commerce, the 2019 Hyundai trailer contained defects in its design, manufacture, testing, and warnings, that caused the rear passenger side tandem tires to become dislodged from the trailer.

219.    The danger of injury or death that could result from the reasonably foreseeable use of the 2019 Hyundai trailer in the defective and unreasonably dangerous condition it was in was foreseeable to Defendant, Hyundai Motor America.

220.    At the time the subject trailer was placed into the stream of commerce, the risks of the defective product outweighed the benefits of the defective product design, manufacture, testing, and/or warnings.

221.    At the time the subject trailer was placed into the stream of commerce, it was defective and unreasonably dangerous in one or more of the following ways:

a.  The product presented an unreasonable risk of detaching from the trailer and causing injury to others;

b.  Created an unreasonable risk of harm that Defendant's customers and users of Defendant's products would be injured by the tires becoming dislodged from the trailer;

c.  Exposed customers and individuals, including Plaintiff, to an unnecessary and unreasonable risk of injuries by its design of the product in a defective condition; and

d.  Failed to warn users of the unreasonably dangerous condition posed by the potential for the tires to become dislodged while in use.

222.  As a direct and proximate result of one or more of the foregoing unreasonably dangerous condition of the product manufactured and/or designed by Defendant, Hyundai Motor America, the rear passenger tandem tires detached from the trailer being hauled by Robert Williams and crossed into the opposing lanes of I-55 causing a multi-vehicle crash.

223.  As a direct and proximate result of one or more of the foregoing unreasonably dangerous condition of the product manufactured and/or designed by Defendant, Hyundai Motor America, the vehicle Plaintiff was a passenger in struck a stationary tractor-trailer on the right shoulder of northbound I-55.

224.  As a direct and proximate result of one or more of the foregoing unreasonably dangerous condition of the product manufactured and/or designed by Defendant, Hyundai Motor America, Robin Francis endured suffering and resulting death.

225.  PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, deceased, was granted letter of special administration by the Circuit Court of Fond du Lac County, Wisconsin, as evidence of its right to bring this action pursuant to the Survival Act of Illinois, 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, PETER DOYLE, as Special Administrator for the Estate of

ROBIN FRANCIS, deceased, prays for judgment against Defendant, HYUNDAI MOTOR AMERICA, in a sum in excess of the jurisdictional limits of this Court, plus the costs of this suit.

<u>**COUNT XXII – Wrongful Death**</u>
**Estate of Robin Francis v. Hyundai Motor America**
**(Strict Products Liability)**

226.     Plaintiff adopts, re-alleges, and incorporates by reference paragraphs 1-22 of the Facts Common to All Counts, above, as though fully set forth here as paragraphs of this Count XXII.

227.     Defendant, Hyundai Motor America is a California corporation with its principal place of business in California.

228.     Upon information and belief, Defendant, Hyundai Motor America designed, marketed, and/or manufactured the 2019 Hyundai Trailer being hauled by Defendant, Robert Williams at the time of the March 2, 2020 occurrence.

229.     At some point after its manufacture, Defendant, Hyundai Motor America placed the 2019 trailer into the stream of commerce in the United States, including Illinois.

230.     At the time it was placed into the stream of commerce, the 2019 Hyundai trailer contained defects in its design, manufacture, testing, and warnings, that caused the rear passenger side tandem tires to become dislodged from the trailer.

231.     The danger of injury or death that could result from the reasonably foreseeable use of the 2019 Hyundai trailer in the defective and unreasonably dangerous condition it was in was foreseeable to Defendant, Hyundai Motor America.

232.     At the time the subject trailer was placed into the stream of commerce, the risks of the defective product outweighed the benefits of the defective product design, manufacture, testing, and/or warnings.

233.    At the time the subject trailer was placed into the stream of commerce, it was defective and unreasonably dangerous in one or more of the following ways:

      a.    The product presented an unreasonable risk of detaching from the trailer and causing injury to others;

      b.    Created an unreasonable risk of harm that Defendant's customers and users of Defendant's products would be injured by the tires becoming dislodged from the trailer;

      c.    Exposed customers and individuals, including Plaintiff, to an unnecessary and unreasonable risk of injuries by its design of the product in a defective condition; and

      d.    Failed to warn users of the unreasonably dangerous condition posed by the potential for the tires to become dislodged while in use.

234.    As a direct and proximate result of one or more of the foregoing unreasonably dangerous condition of the product manufactured and/or designed by Defendant, Hyundai Motor America, the rear passenger tandem tires detached from the trailer being hauled by Robert Williams and crossed into the opposing lanes of I-55 causing a multi-vehicle crash.

235.    As a direct and proximate result of one or more of the foregoing unreasonably dangerous condition of the product manufactured and/or designed by Defendant, Hyundai Motor America, the vehicle Plaintiff was a passenger in struck a stationary tractor-trailer on the right shoulder of northbound I-55.

236.    As a direct and proximate result of one or more of the foregoing unreasonably dangerous condition of the product manufactured and/or designed by Defendant, Hyundai Motor America, Robin Francis suffered injury and death and her family, heirs, and/or next-of-kin suffered the loss of society as a result, in addition to grief, sorrow, and mental suffering as a consequence of her death.

237.    PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS,

deceased, was granted letter of special administration by the Circuit Court of Fond du Lac County, Wisconsin, as evidence of its right to bring this action pursuant to the Wrongful Death Act of Illinois, 740 ILCS 180/1 et seq.

WHEREFORE, Plaintiffs, PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, and PETER DOYLE, LIZ DOYLE, JENNIFER WHETTER, and MARGARET SHELDON, as next of kin to ROBIN FRANCIS, pray for judgment against Defendant, HYUNDAI MOTOR AMERICA, in a sum in excess of the jurisdictional limits of this Court, plus the costs of this suit.

### COUNT XXIII – Survival Act
**Estate of Robin Francis v. Hyundai Motor America**
**(Negligence)**

238. Plaintiff adopts, re-alleges, and incorporates by reference paragraphs 1-22 of the Facts Common to All Counts, above, as though fully set forth here as paragraphs of this Count XXIII.

239. At all times relevant, Defendant, Hyundai Motor America owed a duty to exercise ordinary care in the design, manufacture, and warning of the 2019 Hyundai trailer so as not to cause injury to others, including Plaintiff.

240. Defendant, Hyundai Motor America breached its aforesaid duties and was careless and/or negligent in one or more of the following ways:

    a.    Failed to manufacture the trailer with reasonable care such that it did not contain defects that contributed to the wheels becoming dislodged from the trailer while in use;

    b.    Failed to design the trailer with reasonable care such that it did not contain defects that contributed to the wheels becoming dislodged from the trailer while in use;

    c.    Failed to exercise reasonable care in warning users and others regarding the dangers posed by the defect that contributed to the wheels becoming

dislodged from the trailer; and

d.  Was otherwise careless and/or negligent in the design, manufacture, and warning regarding the trailer.

241.  As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions of Defendant, Hyundai Motor America, the rear passenger tandem tires detached from the trailer being hauled by Robert Williams and crossed into the opposing lanes of I-55 causing a multi-vehicle crash.

242.  As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions of Defendant, Hyundai Motor America, the vehicle Plaintiff was a passenger in struck a stationary tractor-trailer on the right shoulder of northbound I-55.

243.  As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions, Robin Francis endured suffering and resulting death.

244.  PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, deceased, was granted letter of special administration by the Circuit Court of Fond du Lac County, Wisconsin, as evidence of its right to bring this action pursuant to the Survival Act of Illinois, 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, deceased, prays for judgment against Defendant, HYUNDAI MOTOR AMERICA, in a sum in excess of the jurisdictional limits of this Court, plus the costs of this suit.

### COUNT XXIIV – Wrongful Death
### Estate of Robin Francis v. Hyundai Motor America
### (Negligence)

245.  Plaintiff adopts, re-alleges, and incorporates by reference paragraphs 1-22 of the Facts Common to All Counts, above, as though fully set forth here as paragraphs of this Count XXIIV.

246.     At all times relevant, Defendant, Hyundai Motor America owed a duty to exercise ordinary care in the design, manufacture, and warning of the 2019 Hyundai trailer so as not to cause injury to others, including Plaintiff.

247.     Defendant, Hyundai Motor America breached its aforesaid duties and was careless and/or negligent in one or more of the following ways:

a.     Failed to manufacture the trailer with reasonable care such that it did not contain defects that contributed to the wheels becoming dislodged from the trailer while in use;

b.     Failed to design the trailer with reasonable care such that it did not contain defects that contributed to the wheels becoming dislodged from the trailer while in use;

c.     Failed to exercise reasonable care in warning users and others regarding the dangers posed by the defect that contributed to the wheels becoming dislodged from the trailer; and

d.     Was otherwise careless and/or negligent in the design, manufacture, and warning regarding the trailer.

248.     As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions of Defendant, Hyundai Motor America, the rear passenger tandem tires detached from the trailer being hauled by Robert Williams and crossed into the opposing lanes of I-55 causing a multi-vehicle crash.

249.     As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions of Defendant, Hyundai Motor America, the vehicle Plaintiff was a passenger in struck a stationary tractor-trailer on the right shoulder of northbound I-55.

250.     As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions, Robin Francis suffered injury and death and her family, heirs, and/or next-of-kin suffered the loss of society as a result, in addition to grief, sorrow, and mental suffering as a consequence of her death.

251.     PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, deceased, was granted letter of special administration by the Circuit Court of Fond du Lac County, Wisconsin, as evidence of its right to bring this action pursuant to the Wrongful Death Act of Illinois, 740 ILCS 180/1 et seq.

WHEREFORE, Plaintiffs, PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, and PETER DOYLE, LIZ DOYLE, JENNIFER WHETTER, and MARGARET SHELDON, as next of kin to ROBIN FRANCIS, pray for judgment against Defendant, HYUNDAI MOTOR AMERICA, in a sum in excess of the jurisdictional limits of this Court, plus the costs of this suit.

## COUNT XXV – Survival Act
### Estate of Robin Francis v. Hyundai Translead Co.
### (Strict Products Liability)

252.     Plaintiff adopts, re-alleges, and incorporates by reference paragraphs 1-22 of the Facts Common to All Counts, above, as though fully set forth here as paragraphs of this Count XXV.

253.     Defendant, Hyundai Translead Co. is a California corporation with its principal place of business in California.

254.     Upon information and belief, Defendant, Hyundai Translead Co. designed, marketed, and/or manufactured the 2019 Hyundai Trailer being hauled by Defendant, Robert Williams at the time of the March 2, 2020 occurrence.

255.     At some point after its manufacture, Defendant, Hyundai Translead Co. placed the 2019 trailer into the stream of commerce in the United States, including Illinois.

256.     The 2019 Hyundai trailer contained defects in its design, manufacture, testing, and warnings, that caused the rear passenger side tandem tires to become dislodged from the trailer.

257.    The danger of injury or death that could result from the reasonably foreseeable use of the 2019 Hyundai trailer in the defective and unreasonably dangerous condition it was in was foreseeable to Defendant, Hyundai Translead Co.

258.    At the time the subject trailer was placed into the stream of commerce by Defendant Hyundai Translead Co., the risks of the defective product outweighed the benefits of the defective product design, manufacture, testing, and/or warnings.

259.    At the time the subject trailer was placed into the stream of commerce, it was defective and unreasonably dangerous in one or more of the following ways:

   a.   The product presented an unreasonable risk of detaching from the trailer and causing injury to others;

   b.   Created an unreasonable risk of harm that Defendant's customers and users of Defendant's products would be injured by the tires becoming dislodged from the trailer;

   c.   Exposed customers and individuals, including Plaintiff, to an unnecessary and unreasonable risk of injuries by its design of the product in a defective condition; and

   d.   Failed to warn users of the unreasonably dangerous condition posed by the potential for the tires to become dislodged while in use.

260.    As a direct and proximate result of one or more of the foregoing unreasonably dangerous condition of the product manufactured and/or designed by Defendant, Hyundai Translead Co., the rear passenger tandem tires detached from the trailer being hauled by Robert Williams and crossed into the opposing lanes of I-55 causing a multi-vehicle crash.

261.    As a direct and proximate result of one or more of the foregoing unreasonably dangerous condition of the product manufactured and/or designed by Defendant, Hyundai Translead Co., the vehicle Plaintiff was a passenger in struck a stationary tractor-trailer on the right shoulder of northbound I-55.

262.     As a direct and proximate result of one or more of the foregoing unreasonably dangerous condition of the product manufactured and/or designed by Defendant, Hyundai Translead Co., Robin Francis endured suffering and resulting death.

263.     PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, deceased, was granted letter of special administration by the Circuit Court of Fond du Lac County, Wisconsin, as evidence of its right to bring this action pursuant to the Survival Act of Illinois, 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, deceased, prays for judgment against Defendant, HYUNDAI TRANSLEAD CO., in a sum in excess of the jurisdictional limits of this Court, plus the costs of this suit.

**COUNT XXVI – Wrongful Death**
**Estate of Robin Francis v. Hyundai Translead Co.**
**(Strict Products Liability)**

264.     Plaintiff adopts, re-alleges, and incorporates by reference paragraphs 1-22 of the Facts Common to All Counts, above, as though fully set forth here as paragraphs of this Count XXVI.

265.     Defendant, Hyundai Translead Co. is a California corporation with its principal place of business in California.

266.     Upon information and belief, Defendant, Hyundai Translead Co. designed, marketed, and/or manufactured the 2019 Hyundai Trailer being hauled by Defendant, Robert Williams at the time of the March 2, 2020 occurrence.

267.     At some point after its manufacture, Defendant, Hyundai Translead Co. placed the 2019 trailer into the stream of commerce in the United States, including Illinois.

268.     The 2019 Hyundai trailer contained defects in its design, manufacture, testing, and

warnings, that caused the rear passenger side tandem tires to become dislodged from the trailer.

269.    The danger of injury or death that could result from the reasonably foreseeable use of the 2019 Hyundai trailer in the defective and unreasonably dangerous condition it was in was foreseeable to Defendant, Hyundai Translead Co.

270.    At the time the subject trailer was placed into the stream of commerce by Defendant Hyundai Translead Co., the risks of the defective product outweighed the benefits of the defective product design, manufacture, testing, and/or warnings.

271.    At the time the subject trailer was placed into the stream of commerce, it was defective and unreasonably dangerous in one or more of the following ways:

    a.    The product presented an unreasonable risk of detaching from the trailer and causing injury to others;

    b.    Created an unreasonable risk of harm that Defendant's customers and users of Defendant's products would be injured by the tires becoming dislodged from the trailer;

    c.    Exposed customers and individuals, including Plaintiff, to an unnecessary and unreasonable risk of injuries by its design of the product in a defective condition; and

    d.    Failed to warn users of the unreasonably dangerous condition posed by the potential for the tires to become dislodged while in use.

272.    As a direct and proximate result of one or more of the foregoing unreasonably dangerous condition of the product manufactured and/or designed by Defendant, Hyundai Translead Co., the rear passenger tandem tires detached from the trailer being hauled by Robert Williams and crossed into the opposing lanes of I-55 causing a multi-vehicle crash.

273.    As a direct and proximate result of one or more of the foregoing unreasonably dangerous condition of the product manufactured and/or designed by Defendant, Hyundai Translead Co., the vehicle Plaintiff was a passenger in struck a stationary tractor-trailer on the right

shoulder of northbound I-55.

274.     As a direct and proximate result of one or more of the foregoing unreasonably dangerous condition of the product manufactured and/or designed by Defendant, Hyundai Translead Co., Robin Francis suffered injury and death and her family, heirs, and/or next-of-kin suffered the loss of society as a result, in addition to grief, sorrow, and mental suffering as a consequence of her death.

275.     PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, deceased, was granted letter of special administration by the Circuit Court of Fond du Lac County, Wisconsin, as evidence of its right to bring this action pursuant to the Wrongful Death Act of Illinois, 740 ILCS 180/1 et seq.

WHEREFORE, Plaintiffs, PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, and PETER DOYLE, LIZ DOYLE, JENNIFER WHETTER, and MARGARET SHELDON, as next of kin to ROBIN FRANCIS, pray for judgment against Defendant, HYUNDAI TRANSLEAD CO., in a sum in excess of the jurisdictional limits of this Court, plus the costs of this suit.

**COUNT XXVII– Survival Action**
**Estate of Robin Francis v. Hyundai Translead Co.**
**(Negligence)**

276.     Plaintiff adopts, re-alleges, and incorporates by reference paragraphs 1-22 of the Facts Common to All Counts, above, as though fully set forth here as paragraphs of this Count XXVII.

277.     At all times relevant, Defendant, Hyundai Translead Co. owed a duty to exercise ordinary care in the design, manufacture, and warning of the 2019 Hyundai trailer so as not to cause injury to others, including Plaintiff.

278.     Defendant, Hyundai Translead Co. breached its aforesaid duties and was careless and/or negligent in one or more of the following ways:

    a.    Failed to manufacture the trailer with reasonable care such that it did not contain defects that contributed to the wheels becoming dislodged from the trailer while in use;

    b.    Failed to design the trailer with reasonable care such that it did not contain defects that contributed to the wheels becoming dislodged from the trailer while in use;

    c.    Failed to exercise reasonable care in warning users and others regarding the dangers posed by the defect that contributed to the wheels becoming dislodged from the trailer; and

    d.    Was otherwise careless and/or negligent in the design, manufacture, and warning regarding the trailer.

279.     As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions of Defendant, Hyundai Translead Co., the rear passenger tandem tires detached from the trailer being hauled by Robert Williams and crossed into the opposing lanes of I-55 causing a multi-vehicle crash.

280.     As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions of Defendant, Hyundai Translead Co., the vehicle Plaintiff was a passenger in struck a stationary tractor-trailer on the right shoulder of northbound I-55.

281.     As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions, Robin Francis endured suffering and resulting death.

282.     PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, deceased, was granted letter of special administration by the Circuit Court of Fond du Lac County, Wisconsin, as evidence of its right to bring this action pursuant to the Survival Act of Illinois, 755 ILCS 5/27-6.

WHEREFORE, Plaintiff, PETER DOYLE, as Special Administrator for the Estate of

ROBIN FRANCIS, deceased, prays for judgment against Defendant, HYUNDAI TRANSLEAD

CO., in a sum in excess of the jurisdictional limits of this Court, plus the costs of this suit.

<u>**COUNT XXVIII - Wrongful Death**</u>
**Estate of Robin Francis v. Hyundai Translead Co.**
**(Negligence)**

283.    Plaintiff adopts, re-alleges, and incorporates by reference paragraphs 1-22 of the

Facts Common to All Counts, above, as though fully set forth here as paragraphs of this Count

XXVIII.

284.    At all times relevant, Defendant, Hyundai Translead Co. owed a duty to exercise

ordinary care in the design, manufacture, and warning of the 2019 Hyundai trailer so as not to

cause injury to others, including Plaintiff.

285.    Defendant, Hyundai Translead Co. breached its aforesaid duties and was careless

and/or negligent in one or more of the following ways:

    a.    Failed to manufacture the trailer with reasonable care such that it did not contain defects that contributed to the wheels becoming dislodged from the trailer while in use;

    b.    Failed to design the trailer with reasonable care such that it did not contain defects that contributed to the wheels becoming dislodged from the trailer while in use;

    c.    Failed to exercise reasonable care in warning users and others regarding the dangers posed by the defect that contributed to the wheels becoming dislodged from the trailer; and

    d.    Was otherwise careless and/or negligent in the design, manufacture, and warning regarding the trailer.

286.    As a direct and proximate result of one or more of the foregoing careless and/or

negligent acts and/or omissions of Defendant, Hyundai Translead Co., the rear passenger tandem

tires detached from the trailer being hauled by Robert Williams and crossed into the opposing lanes

of I-55 causing a multi-vehicle crash.

287.    As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions of Defendant, Hyundai Translead Co, the vehicle Plaintiff was a passenger in struck a stationary tractor-trailer on the right shoulder of northbound I-55.

288.    As a direct and proximate result of one or more of the foregoing careless and/or negligent acts and/or omissions, Robin Francis suffered injury and death and her family, heirs, and/or next-of-kin suffered the loss of society as a result, in addition to grief, sorrow, and mental suffering as a consequence of her death.

289.    PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, deceased, was granted letter of special administration by the Circuit Court of Fond du Lac County, Wisconsin, as evidence of its right to bring this action pursuant to the Wrongful Death Act of Illinois, 740 ILCS 180/1 et seq.

WHEREFORE, Plaintiffs, PETER DOYLE, as Special Administrator for the Estate of ROBIN FRANCIS, and PETER DOYLE, LIZ DOYLE, JENNIFER WHETTER, and MARGARET SHELDON, as next of kin to ROBIN FRANCIS, pray for judgment against Defendant, HYUNDAI TRANSLEAD CO., in a sum in excess of the jurisdictional limits of this Court, plus the costs of this suit.

**PLAINTIFFS DEMAND TRIAL BY JURY.**

Dated this 2nd day of March 2022.             Respectfully submitted,

                    *Electronically Signed By:*        *Jay A. Urban*
                                                        Jay A. Urban
                                                        State of WI Bar No. 1018098
                                                        URBAN & TAYLOR s.c.
                                                        Urban & Taylor Law Building
                                                        4701 N Port Washington Road
                                                        Milwaukee, WI 53212
                                                        T 414-906-1700
                                                        F 414-906-5333
                                                        E jurban@wisconsininjury.com